UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN DOWLING,**

**Plaintiff,**

**vs.**                                                              **CASE NO: 8:06-CV-562-T-27TGW**

**MICHAEL E. DAVIS and
EMILY SEIBEL,**

**Defendants.**
_____/

## ORDER AND FINAL JUDGMENT

This cause coming on to be heard for trial on September 4, 5 and October 10, 2007, the Court

hearing the testimony of witnesses, exhibits being entered into evidence by the parties, and

following the presentation of closing arguments, the Court finds as follows:

1.       Plaintiff, Brian J. Dowling is entitled to judgment against Defendants, Michael E.

Davis and Emily Seibel pursuant to Florida Statute §222.30 (2007) and Florida's Uniform Fraudulent

Transfer Act, Florida Statues § 726.101, *et seq.* (2007).

2.       The February 20, 2003 transfer of approximately $2.2 million of Davis' funds into

an account at Bank of America opened by the Piper Rudnick law firm and titled in a tenancy by the

entireties for the benefit of Davis and Seibel, was a fraudulent transfer as to Davis' known judgment

creditor Dowling and made in an attempt to hinder, delay and defraud Dowling.

3.       There was a fraudulent transfer of an urn and two pieces of artwork from Davis to

Seibel and Seibel did not take these assets in good faith and did not give reasonable value for same.

4.       The Plaintiff has demonstrated by a preponderance of the evidence that Emily Seibel

knowingly participated and worked in concert with Michael Davis, in a calculated effort to hinder

and delay Dowling's ability to collect his judgments against Davis.

5. Further, in light of the finding set forth in Paragraph 4 above, Dowling is entitled to a money judgment against Seibel in the amount of $853,153.72, consisting of the principal and accrued interest through February 20, 2003 with respect to the May 1, 2002 final judgment and the October 29, 2002 final judgment against Davis, pursuant to the remedies available under Florida Statutes §§726.108 and 726.109 permitting the entry of a judgment for the value of the fraudulently transferred asset against a person not taking in good faith and who does not provide reasonably equivalent value and the Court expressly determining that Seibel did not so take.

6. The evidence presented demonstrates by a preponderance of the evidence that Defendants Davis and Seibel worked together to hinder and delay the Plaintiff Dowling's efforts to collect on his 2002 judgments against Davis. Neither Davis nor Seibel's testimony regarding the transfer of Davis' assets and Seibel's assistance regarding the transfer of Davis' assets and how she came to possess Davis' assets was credible.

7. The badges of fraud in Florida Statute §726.105 are plainly apparent from the evidence.

8. Defendants failed to prove their affirmative defenses by a preponderance of the evidence.

9. A transcript of the Court's detailed findings of fact rendered from the bench on October 10, 2007 is attached hereto as Exhibit "1" and the Court's findings are expressly incorporated herein.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

1. Judgment is entered against Defendant Emily Seibel (social security no. XXX-XX-3405) residing at 1934 Brightwaters Blvd., NE, St. Petersburg, FL 33704, in the amount of

$853,153.72 plus pre-judgment interest as of February 20, 2003 to October 10, 2007 calculated at the federal statutory rate of interest under 28 U.S.C. § 1961. *See In re Int'l Administrative Servs., Inc.*, 408 F.3d 689, 709-10 (11th Cir. 2005); *Mansolillo v. Parties by Lynn, Inc.* 753 So.2d 637 (Fla. 3rd DCA 2000). The judgment shall continue to accrue post-judgment interest from October 10, 2007 at the federal statutory rate of interest under 28 U.S.C. § 1961, for which let execution issue. Said judgment is further subject to post judgment execution proceedings.

2.    The transfer of an urn and two pieces of artwork identified during trial from Davis to Seibel are voided and subject to post judgment execution proceedings by Dowling.

3.    Plaintiff's demand for a turn over of the BMW and Porsche is **DENIED**, Plaintiff having failed to meet his burden of proof on this issue alone.

4.    Jurisdiction is reserved to consider and award attorneys fees and costs. Applications for costs and/or attorney's fees shall be filed in accordance with M.D. Fla. Local Rule 4.18 within 14 days from entry of this Judgment and shall cite authority for the award of attorneys fees. Defendant may respond to any application within ten(10) days.

5.    The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Tampa, Florida this 30th day of October, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record